MORGAN, LEWIS & BOCKIUS LLP
Melissa D. Hill (*Pro Hac Vice*)
101 Park Avenue
New York, NY 10178-0060
Tel.: (212) 309-6000
Fax: (212) 309-6001
Email: melissa.hill@morganlewis.com

FISHER & PHILLIPS, LLP
Scott M. Mahoney
Nevada Bar. No. 1099
300 S Fourth Street, Suite 1500
Las Vegas, NV 89101
Tel.: (702) 252-3131
Fax: (702) 252-7411
Email: smahoney@fisherphillips.com

*Attorneys for Defendants Delta Air Lines, Inc. and the Administrative Committee of Delta Air Lines, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARSHA R. DUVANEY, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>DELTA AIR LINES, INC., THE ADMINISTRATIVE COMMITTEE OF DELTA AIR LINES, INC., GREG TAHVONEN, MINDY DAVISON, JANET BRUNK, AND JOHN/JANE DOES 1-5,<br><br>Defendants. | **Case No. 2:21-cv-02186-RFB-EJY**<br><br>**STIPULATION FOR PROTECTIVE ORDER** |

IT IS HEREBY STIPULATED AND AGREED by the parties' counsel of record that the Court may enter the following Protective Order:

**1**     **Definitions.** As used in this Protective Order:

    (a)     "attorney" means an attorney who has appeared in this action;

    (b)     "confidential document" means a document, information (regardless of how it is generated, stored or maintained), or tangible thing that qualifies for protection under Federal Rule of Civil Procedure 26(c) that has been designated as confidential under this Protective Order;

    (c)     to "destroy" electronically stored information ("ESI") means to delete from all databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert;

    (d)     "document" means document, information, or materials disclosed or produced in discovery, including at a deposition;

    (e)     "notice" or "notify" means written notice;

    (f)     "party" means a party to this action;

    (g)     "non-party" means any natural person, partnership, corporation, association, covered entity (as defined by 45 C.F.R. § 160.103), or other legal entity not named as a party to this action; and

    (h)     "protected document" means a document protected by a privilege or the work-product doctrine.

**2**     **Designating a Document or Deposition as Confidential.**

    (a)     A party or non-party disclosing or producing a document may designate it as confidential if the party or non-party reasonably believes in good faith that it include personal information, trade secrets, or sensitive strategic, technical, marketing, financial information, or other information that qualifies for protection under Federal Rule of Civil Procedure 26(c) and that the disclosing or designating party reasonably fears would, if publicly disclosed, cause competitive injury (to

|   |   |   |
|---|---|---|
| 1 | | the disclosing party or third parties). No party or non-party producing documents |
| 2 | | subject to this Protective Order will designate a document as confidential unless a |
| 3 | | particularized, specific assessment was made as to each document. Information |
| 4 | | that is available to the public shall not be designated confidential. |
| 5 | (b) | A party or non-party may designate a document as confidential by conspicuously |
| 6 | | marking each page with the word "confidential" or otherwise identifying that |
| 7 | | document as confidential on a slip sheet or as part of a file name if marking each |
| 8 | | page is not possible due to its electronic format. |
| 9 | (c) | Deposition testimony shall be treated as confidential following that deposition and |
| 10 | | for thirty days after notice by the court reporter of the completion of the transcript |
| 11 | | so that, during that period, a party may designate that testimony as confidential: |
| 12 | | (1)   on the record at the deposition; or |
| 13 | | (2)   after the deposition, by providing written notice of the page and line |
| 14 | | numbers being designated as confidential to all counsel of record. |
| 15 | | At the end of that thirty day period or after the parties have indicated any |
| 16 | | confidentiality designations through written notice to all counsel of record |
| 17 | | (whichever occurs sooner), the remainder of that deposition testimony will become |
| 18 | | non-confidential. |
| 19 | (d) | If a witness is expected to testify as to confidential or proprietary information, a |
| 20 | | party or non-party may request that the witness's deposition be taken in the |
| 21 | | presence of only those persons entitled to receive confidential documents. |
| 22 | (e) | The parties agree that documents produced in this action should be subject to the |
| 23 | | protections provided under Federal Rule Evidence 502(d) and that the provisions |
| 24 | | of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of |
| 25 | | information, documents, or materials under this Protective Order. Neither the |
| 26 | | attorney-client privilege nor the work product protection will be deemed waived |
| 27 | | by disclosure connected with this litigation or any other federal or state action of |
| 28 | | any claim of privilege or work product protection that the designating party would |

1    otherwise be entitled to assert with respect to the protected documents,
2    information, or materials and their subject matter.
3 (f) The parties acknowledge there may be protected documents that are produced
4    based on the determination by the producing party that the protected documents
5    are subject to the fiduciary exception to the attorney-client privilege under ERISA.
6    The parties agree that such a production of protected documents does not
7    constitute a waiver or forfeiture—in this or any other action—of any claim of
8    privilege or work-product protection that the producing party would otherwise be
9    entitled to assert with respect to the protected documents and their subject matter.
10   The disclosure by a producing party of privileged or protected documents in this
11   litigation as part of a production shall not itself constitute a waiver for any
12   purpose.
13 (g) Nothing in this Protective Order overrides any ethical responsibilities of any
14   attorney to refrain from examining or disclosing materials that the attorney knows
15   or reasonably should know to be privileged and to inform the producing party that
16   such materials have been produced.  Nothing contained herein is intended to or
17   shall serve to limit a party's right to conduct a review of documents, ESI or
18   information (including metadata) for relevance, responsiveness, and/or segregation
19   of privileged and/or protected information before production.  Further nothing
20   contained herein is intended to reduce the time frame provided to the disclosing
21   party to complete their review should they choose to do so.  Nothing contained
22   herein is intended to limit a party's proportionality and burden arguments
23   specifically related to the costs to conduct a review of documents, ESI or
24   information (including metadata) for relevance, responsiveness, and/or segregation
25   of privileged and/or protected information before production.
26 (h) This Protective Order shall not be deemed or construed as a waiver of any right to
27   object to the furnishing of information in response to any discovery request.  Nor
28   shall this Protective Order be deemed or construed as a waiver of the attorney-

|   |   |   |
|---|---|---|
| | | client, work product, or any other privilege, or of the rights of any party, person, or entity to oppose the production of any documents or information on any permissible grounds.  Further, this Protective Order does not limit, restrict, or otherwise affect the ability of any party to seek the production of documents, testimony, or information from any source. |
| | (i) | Neither this Protective Order nor a party's designation of particular confidential documents affects or establishes the admissibility or waiver of any right to object to the admissibility at trial of any confidential documents covered by this Protective Order. |
| | (j) | This Order applies only to pre-trial proceedings and does not apply to use at trial of confidential documents.   If the parties have not reached agreement as to confidentiality of a listed trial exhibit, the party that designated the confidential document may file a motion for protective order with regard to the confidentiality of the document at trial within ten (10) days after service of the other party's list of trial exhibits in their pre-trial submissions. To the extent any confidential document is proposed for use at trial, but was not listed as a trial exhibit prior to trial, the parties shall attempt to resolve any issues regarding such confidentiality by agreement (which, if the agreement provides the document will be treated as confidential at trial, shall be approved by the court) or, if no agreement can be reached, by asking the court to address the issue prior to the introduction of the document as evidence. |

**3     Who May Receive a Confidential Document.**

(a)     A confidential document may be used only in this action.

(b)     No person receiving a confidential document may reveal it except to:

(1)     the court and its staff;

(2)     an attorney or an attorney's partner, associate, or staff;

(3)     a person shown on the face of the confidential document (or the email to which the document was attached, if any) to have authored or received it;

4

|     |     |                                                                                                                                                                                                                                                                                                                                      |
| --- | --- | ------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------ |
|     | (4) | a court reporter or videographer retained in connection with this action;                                                                                                                                                                                                                                                            |
|     | (5) | a party;                                                                                                                                                                                                                                                                                                                             |
|     | (6) | witnesses in the course of deposition or trial testimony where counsel has a reasonable and good faith belief that examination with respect to the document is appropriate in conducting discovery or for trial purposes in this case, and any person who is being prepared to testify where counsel has a reasonable and good faith belief that such person will be a witness in this case and that an examination with respect to the document is necessary in connection with such testimony; |
|     | (7) | data recovery vendors, graphic consultants, or outside copy services;                                                                                                                                                                                                                                                                |
|     | (8) | other persons by written agreement of all the Parties or as authorized by the Court; and                                                                                                                                                                                                                                             |
|     | (9) | any person who:[1]                                                                                                                                                                                                                                                                                                                   |

      (A) is retained to assist a party or attorney with this action; and

      (B) signs a declaration that contains the person's name, address, employer, and title, and that is in substantially this form:

> I have read, and agree to be bound by, the protective order in the case captioned *DuVaney v. Delta*, No. 2:21-cv-02186-RFB-EJY, in the United States District Court for the District of Nevada. As soon as my work in connection with that action has ended, but not later than 30 days after the termination of that action (including any appeals), I will return or destroy any confidential document that I received, any copy of or excerpt from a confidential document, and any notes or other document that contains information from a confidential document.
> I declare under penalty of perjury that the foregoing is true and correct.

(c) If a confidential document is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it.

(d) If a confidential document makes specific reference to the conduct or statement of a specific person, counsel may discuss such conduct or statement with such

---

[1] All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

|   |   |   |
|---|---|---|
| 1 | | person, provided that no portion of the confidential document other than that |
| 2 | | which specifically refers to such person's conduct or statement is revealed. |
| 3 | (e) | If any party in possession of a confidential document is served with a subpoena, |
| 4 | | request for production of documents, or other similar legal process in another |
| 5 | | proceeding seeking production of a confidential document, the receiving party |
| 6 | | shall give written notice, by electronic mail, to the undersigned counsel for the |
| 7 | | party that produced the information designated as confidential within five (5) |
| 8 | | business days of receipt of the subpoena.  To the extent permitted by applicable |
| 9 | | law, the receiving party shall not produce any of the producing party's information |
| 10 | | designated as confidential for a period of at least ten (10) business days after |
| 11 | | providing the required notice to the producing party.  If, within ten (10) business |
| 12 | | days of receiving such notice, the producing party provides written notice to the |
| 13 | | receiving party that it opposes production of its information designated as |
| 14 | | confidential, the receiving party shall not thereafter produce such information |
| 15 | | except pursuant to a court order (or other order that subjects the party to penalties |
| 16 | | for noncompliance) requiring compliance with the subpoena, request for |
| 17 | | production, or other legal process.  The producing party shall be solely responsible |
| 18 | | for asserting any objection to the requested production.  The receiving party shall |
| 19 | | provide a copy of this Protective Order to the third-party requesting production of |
| 20 | | information designated as confidential.  This Protective Order does not require the |
| 21 | | receiving party or anyone else covered by this Protective Order to challenge or |
| 22 | | appeal any such order requiring production of information designated as |
| 23 | | confidential covered by this Protective Order, or to subject itself to any penalties |
| 24 | | for noncompliance with any such order, or to seek any relief from a court. |

**4**   **Serving This Protective Order on a Non-Party.**  A party serving a subpoena on a non-party must simultaneously serve a copy of this Protective Order.

**5**   **Correcting an Error in Designation.**  A party or non-party who discloses or produces a confidential document not designated as confidential may, within thirty (30) days after

discovering the error, provide notice of the error and identify the information by bates label or, where not bates labeled, by document title and page number(s) or page and line number(s), and produce a copy of the document designated as confidential.

6 **Use of a Confidential Document in Court.**

    (a) <u>Filing</u>. A party intending to file a confidential document with the court or intending to file with the court any document or papers containing or making reference to the content of a confidential document shall file that document under seal in accordance with LR IA 10-5 until the Court orders otherwise or denies permission to file under seal.

    (b) <u>Presentation at a hearing or trial</u>. A party intending to present another party's or a non-party's confidential document at a hearing or trial must promptly notify the other party or the non-party so that the other party or the non-party may seek relief from the court.

7 **Changing a Confidential Document's Designation.**

    (a) <u>Document disclosed or produced by a party</u>. A confidential document disclosed or produced by a party remains confidential unless the party who designated the document as confidential revokes that designation (which it may do at any time) or the court orders otherwise.

    (b) <u>Document produced by a non-party</u>. A confidential document produced by a non-party remains confidential unless the non-party agrees to change its designation or the court orders otherwise after providing an opportunity for the non-party to be heard.

    (c) <u>Changing a designation by court order</u>. A party who cannot obtain agreement to change a designation may move the court for an order changing the designation. If the motion affects a document produced by a non-party then, with respect to the motion, that non-party is entitled to the same notice and opportunity to be heard as a party. The party or non-party who designated a document as confidential must show that the designation satisfies Fed. R. Civ. P. 26(c).

**8  Handling a Confidential Document after Termination of Litigation.**

    (a)    Within 60 days after the termination of this action (including any appeals), each party must:

        (1)    return or destroy all confidential documents that it did not produce in the action; and

        (2)    notify the disclosing or producing party or non-party that it has returned or destroyed all confidential documents within the 60-day period.

    (b)    Notwithstanding paragraph 8(a), each attorney may retain a copy of any confidential document submitted to the court or any correspondence involving the parties that quotes or describes a confidential document.

    (c)    Where the parties agree to destroy information designated as confidential, the destroying party shall provide all parties with a written certification of counsel confirming the destruction of all information designated as confidential.

**9  Inadvertent Disclosure or Production to a Party of a Protected Document.**

    (a)    <u>Notice</u>.

        (1)    A party or non-party who discovers that it has inadvertently disclosed or produced a protected document must promptly notify the receiving party and describe the basis of the claim of privilege or protection. If the party or non-party provides such notice and description, the privilege or protection is not waived.

        (2)    A party who discovers that it may have received an inadvertently disclosed or produced protected document must promptly notify the disclosing or producing party or non-party.

    (b)    <u>Handling of protected documents</u>. A party who is notified or discovers that it may have received a protected document must comply with Fed. R. Civ. P. 26(b)(5)(B).

**10  Security Precautions and Data Breaches.**

    (a)    Each party must make reasonable efforts to protect the confidentiality of any confidential document disclosed or produced to that party.

1  (b)  A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party or non-party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

**11**  **Modifications.**

(a)  If a party determines this Protective Order does not sufficiently protect confidential documents produce or disclosed, or that this order should otherwise be modified, it may seek to modify this order with the agreement of all of the parties and approval of the court.  If such agreement cannot be obtained, any party may seek modification of this Protective Order by motion of the court.

(b)  The Court retains the right to allow, sua sponte or upon motion, disclosure of any subject covered by this Protective Order or to modify this Protective Order at any time in the interests of justice.

**12**  **Survival of Obligations.**  The obligations imposed by this Protective Order survive the termination of this action.

**STIPULATED TO:**

Dated: February 28, 2024

| | |
|---|---|
| */s/ Christopher Barrett*<br>Robert A. Izard (pro hac vice)<br>Christopher Barrett (pro hac vice)<br>**IZARD, KINDALL & RAABE LLP**<br>29 South Main Street<br>Suite 305<br>West Hartford, CT 06107<br>860-493-6292<br>Fax: 860-493-6290<br>dneedham@ikrlaw.com<br>rizard@ikrlaw.com<br>cbarrett@ikrlaw.com<br><br>**MOTLEY RICE LLC**<br>Douglas P. Needham (pro hac vice)<br>One Corporate Center<br>20 Church Street, 17th Floor<br>Hartford, CT 06103<br>Telephone: 860-218-2720<br>dneedham@motleyrice.com | */s/ Melissa D. Hill*<br>Melissa D. Hill, Esq. (Pro Hac Vice)<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>101 Park Avenue<br>New York, NY 10178-0060<br>melissa.hill@morganlewis.com<br><br>Scott M. Mahoney, Esq.<br>Nevada Bar. No. 1099<br>**FISHER & PHILLIPS LLP**<br>300 South Fourth Street #1500<br>Las Vegas, Nevada 89101<br>smahoney@fisherphillips.com<br><br>*Attorneys for Defendants* |

1  **KEMP JONES, LLP**
    Don Springmeyer, Esq.
2   Nevada Bar No. 1021
    d.springmeyer@kempjones.com
3   Michael Gayan, Esq.
    Nevada Bar No. 11135
4   m.gayan@kempjones.com
    3800 Howard Hughes Pkwy., 17th Floor
5   Las Vegas, Nevada 89169
    (P) (702) 385-6000
6   (F) (702) 385-6001

7   *Attorneys for Plaintiffs*

8                                    IT IS SO ORDERED:

9

10

11                                   _____
                                     UNITED STATES MAGISTRATE JUDGE

12                                   DATED:  February 28, 2024